[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant Mercy Hospital has moved for summary judgment in this silicone gel breast implant case, contending that it was not a product seller or distributor within the meaning of the Connecticut Product Liability Act ("CPLA"), General Statutes § 52-572m et seq. In support of its motion, Mercy submitted an affidavit from Dr. Philip Stone, the surgeon who operated on the plaintiff at Mercy Hospital. Dr. Stone states in his affidavit: 1) that his office ordered the implants for the plaintiff; 2) that they were delivered to his office by the manufacturer; 3) that he took the implants to the operating room on the date of the plaintiff's surgery and inserted them; and 4) that the implants were not ordered by Mercy Hospital.
The plaintiff submitted her affidavit in opposition to the hospital's motion for summary judgment. She states in her affidavit: 1) that during the surgery to insert the implants she was advised that the implants that had been brought to the surgery were not the correct ones; 2) that she then was forced to choose between two implants that were stocked by the hospital; CT Page 3693 and 3) that the implants utilized for her surgery were provided by Mercy Hospital and not by Dr. Stone.
Mercy Hospital has not withdrawn Dr. Stone's affidavit and has not conceded the accuracy of the facts set forth in the plaintiff's affidavit. The hospital does admit that the plaintiff's affidavit is in conflict with Dr. Stone's, but contends that the factual dispute as to whether Dr. Stone or the hospital provided the implants is not a material fact. The hospital urges the court to decide the issue of whether the hospital could be liable as a product seller under the CPLA.
This case is one of many silicone gel breast implant cases pending in Connecticut, all of which have been assigned to the undersigned judge for joint management. One of the objectives of that joint management is to avoid multiple rulings on issues common to many of the breast implant cases. The court undertook consideration of Mercy Hospital's motion for summary judgment because the issue presented appeared to be fact specific to this one case, i. e., whether Mercy Hospital or Dr. Stone provided the implants at issue in this case. The more general issue of the hospital's liability as a product seller under the CPLA is an issue that is likely to be common to other Healthcare Defendants in many of the other pending breast implant cases. Therefore, the issue should be raised by filing a motion for summary judgment in the Master File with the assistance and coordination of Liaison Counsel so that all counsel for Healthcare Defendants and for Plaintiffs have notice and an opportunity to participate with respect to the issue raised by the motion.
Mercy Hospital's motion for summary judgment in this file is denied due to the existence of a genuine issue of material fact, i.e., whether the hospital or Dr. Stone provided the plaintiff's breast implants.
VERTEFEUILLE, J.